# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOMES LOANS
SERVICING, LP,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 71781



FILED

NOV 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand for further proceedings.

The record demonstrates that appellant Bank of America's predecessor tendered $166.50 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments.[1] *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d

---

[1]Although respondent refers to an "alleged" tender, the district court found that the check was sent and received, and respondent does not dispute the veracity of the evidence supporting those findings.

18-904634

66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018).

Respondent contends that NAS's belief that collection costs were part of the superpriority portion of the lien constituted a good-faith basis for rejecting the tender. Even if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Additionally, although respondent contends that (1) the tender was ineffective because it imposed conditions, (2) Bank of America's predecessor needed to keep the tender good, (3) Bank of America's predecessor needed to record evidence of the tender, and (4) respondent is protected as a bona fide purchaser, we recently rejected similar arguments.[2] *Bank of America*, 134 Nev., Adv. Op.

---

[2]We are not persuaded by respondent's argument that the letter accompanying the check contained conditions purporting to absolve the deed of trust beneficiary of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which the deed of trust beneficiary might again need to cure a default to avoid foreclosure.

72, 427 P.3d at 118-121. Accordingly, respondent took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
　　　　Pickering

_____Gibbons_____ J.　　　　_____Hardesty_____, J.
Gibbons　　　　　　　　　　　　Hardesty

cc:　Hon. Joseph Hardy, Jr., District Judge
　　　Akerman LLP/Las Vegas
　　　Kim Gilbert Ebron
　　　Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A